# EXHIBIT A

| | |
|---|---|
| Richard Stancl<br>254 E Patterson St<br>Lansford, PA 18232<br><br>   Plaintiff<br><br>v.<br><br>Midland Credit Management, Inc.<br>350 Camino De La Reina, Suite 100<br>San Diego, CA 92108<br><br>   Defendant | IN THE CARBON COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 24-CV-0591<br><br>Jury Trial Demanded |

### NOTICE

 You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

 YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

 IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

North Penn Legal Services
101 West Broad Street
Hazleton, PA  18201
Phone 1-877-953-4250
Fax (570) 455-3625

or

Carbon County Bar Association Lawyer Referral
73 W. Broadway
Jim Thorpe, PA  18229
Phone 1-610-379-4950

| | |
|---|---|
| Richard Stancl, <br>           Plaintiff <br> v. <br><br> Midland Credit Management, Inc., <br>           Defendant | IN THE CARBON COUNTY <br> COURT OF COMMON PLEAS <br><br> Docket No. |

**COMPLAINT**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "the Act"). Defendant previously sued Plaintiff to collect three alleged debts. However, at the hearing, Defendant only had documentation for one account. By not having documentation on all three alleged debts, Defendant used unfair means to while attempting to collect the debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 254 E Patterson St, Lansford, PA, 18232.

5. Plaintiff is, and at all relevant times was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Midland Credit Management, Inc. ("Midland" is an entity with an address of 350 Camino De La Reina, Suite 100, San Diego, CA 92108.

7. The principal purpose of Midland's business is the collection of debts.

20. On August 7, 2023, the Honorable Casmir Kosciolek held a hearing in the Collection Suit ("the Hearing").

21. At the Hearing, Midland was represented by counsel.

22. At the Hearing, Midland did not present any witnesses.

23. At the Hearing, Midland's counsel presented evidence for only one Account, and this Account had an alleged balance of only $4,223.38.

24. At the Hearing, Midland did not introduce or have any evidence to support its attempt to collect the other two Accounts.

25. At the Hearing, Midland did not introduce or have any evidence to support its attempt to collect the amount of $6,132.49.

26. Judgment was entered in Plaintiffs favor in the Collection Suit.

27. By requiring Plaintiff to attend and defend a hearing where Midland knew it would be unable to introduce even a scintilla of evidence to support the amount being sought in the complaint—and in fact where it did not even have any documents to try to introduce regarding two of the alleged accounts— Midland engaged in unfair litigation conduct in violation of 15 U.S.C. § 1692f. See *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128 (2d Cir. Nov. 14, 2017) and *Destro v. Tsarouhis Law Group, LLC, et al.*, 2019 WL 1327365 (M.D. Pa. March 25, 2019).

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of no more than $1,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

## Verification of Complaint and Certification by Plaintiff

Plaintiff, Richard Stancl, being duly sworn according to law, deposes as follows:

1. I am a plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03 / 21 / 2024

Richard Stancl, Plaintiff