IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD STANCL, | : |
|     Plaintiff, | : |
| v. | : CASE NO. 3:24-cv-00697-KM |
| MIDLAND CREDIT MANAGEMENT, INC., | : |
|     Defendant. | : |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Midland Credit Management, Inc. ("MCM") respectfully submits its Answer to Plaintiff's Complaint and states as follows:

### I.  INTRODUCTION

1. Admitted in part; denied in part. MCM admits Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and seeks damages. MCM denies all remaining allegations in ¶ 1 of the Complaint.

### II.  JURISDICTION AND VENUE

2. Admitted in part; denied in part. MCM admits only the accuracy of any properly quoted language from the referenced provision. After a reasonable investigation, MCM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 2 of the Complaint, and on that basis, the allegations are denied.

1

3. MCM denies that it "transacts business" in Carbon County, Pennsylvania. After a reasonable investigation, MCM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 3 of the Complaint, and on that basis, the allegations are denied.

### III. PARTIES

4. Admitted in part; denied in part. MCM admits on information and belief that Plaintiff is a natural person. After a reasonable investigation, MCM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 4 of the Complaint, and on that basis, the allegations are denied.

5. After a reasonable investigation, MCM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 5 of the Complaint, and on that basis, the allegations are denied.

6. MCM admit the allegations in ¶ 6 of the Complaint.

7. MCM denies the allegations in ¶ 7 of the Complaint.

8. MCM denies the allegations in ¶ 8 of the Complaint.

9. MCM denies the allegations in ¶ 9 of the Complaint.

10. MCM denies the allegations in ¶ 10 of the Complaint.

11. MCM denies the allegations in ¶ 11 of the Complaint.

### IV. STATEMENT OF CLAIM

12. The foregoing responses are incorporated as if fully restated and set forth here.

13. Admitted in part; denied in part. MCM admits that Plaintiff owes MCM for the unpaid balance on the relevant account. The phrase "attempting to collect" is vague and open to multiple reasonable interpretations, thus MCM cannot admit to the truth or falsity of the allegation. To the extent a response is required, and on this basis, MCM denies the allegation. MCM denies all remaining allegations in ¶ 13 of the Complaint.

14. After a reasonable investigation, MCM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint, and on that basis, the allegations are denied.

15. MCM denies the allegations in ¶ 15 of the Complaint.

16. Admitted in part; denied in part. MCM admits only the accuracy of any properly quoted language from the referenced provision. MCM denies all remaining allegations in ¶ 16 of the Complaint.

17. MCM denies the allegations in ¶ 17 of the Complaint.

18. Admitted in part; denied in part. MCM admits that on June 2, 2023, MCM's counsel filed a lawsuit against Plaintiff in Magisterial District Court on MCM's behalf. MCM denies all remaining allegation in ¶ 18 of the Complaint.

19. MCM denies the allegations in ¶ 19 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

20. MCM admits the allegations in ¶ 20 of the Complaint on information and belief.

21. MCM admits the allegations in ¶ 21 of the Complaint on information and belief.

22. MCM denies the allegations in ¶ 22 of the Complaint.

23. MCM denies the allegations in ¶ 23 of the Complaint.

24. MCM denies the allegations in ¶ 24 of the Complaint.

25. MCM denies the allegations in ¶ 25 of the Complaint.

26. MCM denies the allegations in ¶ 26 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

27. MCM denies the allegations in ¶ 27 of the Complaint.

MCM denies that Plaintiff is entitled to any relief, including the relief requested in the paragraph beginning with "WHEREFORE."

## V.   DEMAND FOR JURY TRIAL

28. MCM admits Plaintiff demands a jury trial. MCM also requests a jury trial.

        Respectfully submitted,

        **MESSER STRICKLER BURNETTE, LTD.**

By:   <u>*/s/ Lauren M. Burnette*</u>
      LAUREN M. BURNETTE, ESQUIRE
      PA Bar No. 92412
      12276 San Jose Blvd.
      Suite 718
      Jacksonville, FL 32223
      (904) 527-1172
      (904) 683-7353 (fax)
      lburnette@messerstrickler.com
      *Counsel for Defendant Midland Credit Management, Inc*

Dated: May 7, 2024

## CERTIFICATE OF SERVICE

I certify that on May 7, 2024, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendant Midland Credit Management, Inc*

Dated: May 7, 2024