Attorneys for Plaintiff:

   Brett Freeman: Bar Number PA 308834
   FREEMAN LAW
   606 Hamlin Highway, Suite 2
   Lake Ariel, PA 18436
   Phone (570) 589-0010
   Facsimile (570) 456-5955
   Email brett@freeman.law

Attorneys for Defendant:

   Lauren Burnette: Bar Number PA 92412
   Messer, Strickler, Burnette, LTD
   12276 San Jose Blvd., Suite 718
   Jacksonville, FL 32223
   Phone (904)-527-1172
   Facsimile (904)-683-7353
   Email lburnette@messerstrickler.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard Stancl,<br>            Plaintiff,<br>v.<br><br>Midland Credit Management, Inc.,<br>           Defendant. | Docket 3:24-cv-00697-KM<br><br>(Judge Karoline Mehlachick)<br><br>FILED ELECTRONICALLY |

### PROPOSED JOINT CASE MANAGEMENT PLAN

    Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.      Principal Issues**

1.1     Separately for each party, please give a statement summarizing this case:

By Plaintiff:  Defendant ("Midland") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act"), which regulates the relationship between a debt collector and a consumer. Specifically, Midland filed a collection lawsuit against the Plaintiff. In this lawsuit, Midland sought to recover for three alleged debts. However, Midland was not prepared to introduce even a scintilla of evidence to support the dollar amount being sought in the complaint—and in fact Midland did not even have any documents to present regarding two of the alleged accounts. By acting in such a manner, Midland engaged in unfair litigation conduct in violation of 15 U.S.C. § 1692f.

By Defendant: In his Complaint, Plaintiff Richard Stancl alleges that Midland Credit Management, Inc. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f by requiring Plaintiff "to attend and defend a

hearing" where it knew it "would be unable to introduce even a scintilla of evidence to support the amount being sought in the Complaint." MCM denies Plaintiff's theory of liability and denies violating the FDCPA.

1.2   The facts the parties <u>dispute</u> are as follows:

      All remaining facts.

<u>agree</u> upon are as follows:

      Midland Credit Management, Inc. is a business entity.
      A lawsuit against Plaintiff Richard Stancl was filed in Magisterial District Court on Midland Credit Management, Inc.'s behalf through collection counsel.
      Judgment was entered in Plaintiffs favor in the Collection Suit.

1.3   The legal issues the parties <u>dispute</u> are as follows:

      All remaining legal issues.

<u>agree</u> upon are as follows:

      None.

1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

      None.

1.5   Identify any named parties that have not yet been served:

      None.

1.6   Identify any additional parties that:

plaintiff(s) intends to join: None.

      defendant(s) intends to join: None.

1.7    Identify any additional claims that:

      plaintiff(s) intends to add: None.

      defendant(s) intends to add: None.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Richard Stancl</u> | Plaintiff |

Disclosed by <u>Defendant Midland Credit Management, Inc.</u>**:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| TBD depending on topics of inquiry sought in discovery | Corporate Designee |

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

**4.0** **Discovery**

    4.1    Briefly describe any discovery that has been completed or is in progress:

        By Plaintiff(s):  Plaintiff will serve disclosures under Rule 26(a)(1) and written discovery requests.

        By Defendant(s):  ):  Defendant will serve disclosures under Rule 26(a)(1) and written discovery requests.

    4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

        Depositions of the authorized representative of Defendant and of Plaintiff. Written discovery regarding the claims at issue.

    4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

        Potential deposition of Defendant's counsel for the collection action. The topics of this deposition would greatly depend on whether Midland ultimately waives the attorney-client privilege.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

    None at this time.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1   depositions (excluding experts) to be taken by:

        Plaintiff(s): **10**    Defendant(s): **2**

    4.5.2   interrogatories to be served by:

        Plaintiff(s): **40**    Defendant(s): **30**

    4.5.3   document production requests to be served by:

        Plaintiff(s): **40**    Defendant(s): **30**

    4.5.4   requests for admission to be served by:

        Plaintiff(s): **40**    Defendant(s): **30**

4.6    Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

> The parties have agreed to reasonably exchange e-discovery information, and that the information will be exchanged in native format and PDF format.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0    Protective Order**

    5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

        No protective order is sought at this time.

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0    Scheduling**

    6.1    Final date for joining additional parties:

        <u>March 28, 2025</u>  Plaintiff(s)

        <u>March 28, 2025</u>  Defendant(s)

    6.2    Final date for amending pleadings:

        <u>March 28, 2025</u>  Plaintiff(s)

        <u>March 28, 2025</u>  Defendant(s)

    6.3    All fact discovery commenced in time to be completed by:

        <u>May 30, 2025</u>

6.4   All potentially dispositive motions should be filed by:

   October 31, 2025

6.5   Reports from retained experts due:

   from plaintiff(s) by June 27, 2025

   from defendant(s) by July 25, 2025

6.6   Supplementations due August 29, 2025

6.7   All expert discovery commenced in time to be completed by September 26, 2025

6.8   This case may be appropriate for trial in approximately:

   ___   240 Days from the filing of the action in this court
   _X_   365 Days from the filing of the action in this court
   ___   Days from the filing of the action in this court

6.9   Suggested date for the final Pretrial Conference:

   November 2025 (month/year)

6.10  Trial

   6.10.1 Suggested Date for the Trial:

      December 2025 (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

   I hereby certify that the following individual(s) have settlement authority.

   For Plaintiff:

      Richard Stancl
      Name

<u>Plaintiff</u>
Title

<u>254 E Patterson St</u>
<u>Lansford, PA 18232</u>
Address

<u>(267) 741-0964</u>  Daytime Telephone

For Defendant Midland Credit Management, Inc.**:**

<u>Brittany K. Lederman</u>
Name

<u>Director, Legal Affairs and Litigation</u>
Title

<u>350 Camino de la Reina</u>
<u>San Diego, CA 92108</u>
Address

<u>(58) 560-3542</u>  Daytime Telephone

**8.0   Alternative Dispute Resolution ("ADR")**

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure:

Date ADR to be commenced:

Date ADR to be completed:

8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    The parties agree that mediation should occur after the close of discovery. The parties are unable to agree on if the mediation should be conducted in person or remotely, and which individuals should be required to attend. The parties will attempt to resolve this issue closer to any mediation.

  8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

    Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

    All parties agree to jurisdiction by a magistrate judge of this court:
    \_\_\_ Y  \_X\_ N

    If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        \_\_\_    Scranton/Wilkes-Barre

        \_\_\_    Harrisburg

**10.0  Other Matters**

    Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

    10.1 Plaintiff's Proposed Modifications to Discovery Rules:

        10.1.1    Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates and locations. If opposing counsel has not provided this

|  |  |
|---|---|
|  | information within 48 hours of request, the deposition may be noticed unilaterally. The officer at a video deposition may be an employee of a party's attorney. |
| 10.1.2 | Depositions shall be conducted in accordance with the guidelines for discovery depositions set forth in *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531-32 (E.D. Pa. 1993). At any time during a deposition, counsel for the party conducting the deposition may state that all objections shall be reserved until trial, in which event: |
| (a) | any attorney defending the deposition shall refrain from making any further objections of any nature; |
| (b) | notwithstanding Fed.R.Civ.P. 32(d)(3), no objection shall be deemed waived; and |

(c)   the attorney defending the deposition retains the right under Fed.R.Civ.P. 30 (c)(2) to instruct a deponent not to answer to preserve a privilege, enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

**11.0 Identification of Lead Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the

Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

For Plaintiff:

Brett Freeman
FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
(570) 589-0010

For Defendant:

Lauren Burnette
Messer, Strickler, Burnette, LTD
12276 San Jose Blvd., Suite 718
Jacksonville, FL 32223
Phone 717-487-2610

DATED: 6/26/2024    *s/ Brett Freeman*
                    Attorney(s) for Plaintiff(s)
                    ☒ ECF User(s)
                    ☐ Waiver requested (as separate document)
                    ☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                    Brett Freeman
                    Bar Number PA 308834
                    FREEMAN LAW
                    606 Hamlin Highway, Suite 2
                    Lake Ariel, PA 18436
                    Phone (570) 589-0010
                    Facsimile (570) 456-5955
                    Email brett@freeman.law

DATED: 6/26/2024    *Lauren Burnette (with consent)*
                    Attorney(s) for Defendant(s)
                    ☒ ECF User(s)

☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*
Lauren Burnette: Bar Number

Messer, Strickler, Burnette, LTD
12276 San Jose Blvd., Suite 718
Jacksonville, FL 32223
Phone 717-487-2610
lburnette@messerstrickler.com

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.